H. H. *Fuller & J. Mason,* for the defendant.

## Seth Alden vs. John W. Lincoln.

When mortgaged goods are attached, and the mortgagee makes demand on the attaching officer to pay the mortgage debt, according to the provisions of the Rev Sts. c. 90, and the officer does not make payment within twenty four hours, the mortgagee becomes entitled to the immediate possession of the goods, and may maintain an action of trover against the officer, although the mortgage was made to secure a note payable on demand, and the mortgagee had never demanded payment of it, and although the mortgagor was entitled, by a provision in the mortgage, to retain possession of the goods until condition broken.

A. mortgaged goods, with a provision that he might retain possession thereof until the condition of the mortgage should be broken, and afterwards, before the mortgage was recorded, formed a partnership with B., and put the goods into the partnership stock, and he and B. treated them as partnership property: After the partnership was dissolved, and after the mortgage was recorded, A. conveyed the goods to B. in trust to pay the partnership debts, and they were subsequently attached by creditors of the partnership, before breach of the condition of the mortgage. *Held,* that the mortgagee's property in the goods was not divested, and that he might demand, of the attaching officer, payment of the mortgage *debt, and thereby entitle himself to* all the rights given to a mortgagee by the Rev. Sts. c. 90.

This was an action of trover, brought against the sheriff of Worcester for the conversion of sundry articles by Edwin Eaton, one of his deputies. At the trial, in the court of common pleas, before *Washburn,* J. the plaintiff claimed title to the articles alleged to have been converted, under a mortgage made to him by Benjamin P. Rice, on the 25th of May 1843,

and recorded on the 16th of December 1845, to secure pay‑ment of a note given to the plaintiff by said Rice for $361·67, payable on demand. There was a provision in the mortgage, that Rice might retain possession of the mortgaged articles until condition broken.

The plaintiff gave in evidence a writ, dated March 12th 1846, returnable to the court of common pleas at the follow‑ing June term, in favor of George M. Rice and others against Benjamin P. Rice and Charles Belcher, and the return thereof by said Eaton, stating that he had attached said articles on the day of the date of said writ, and had afterwards sold them upon mesne process, pursuant to the provisions of the Rev. Sts. *c.* 90.

One witness, called by the plaintiff, testified to the identity of the articles mentioned in said mortgage and in Eaton's return of the attachment on said writ; and another witness testified that the plaintiff made a demand on Eaton, on the 14th of March 1846, by a writing (a copy of which the wit‑ness produced in court) in which he stated, as was admitted by the defendant's counsel, a just and true account of the debt for which the attached property was liable to him by the mortgage, as required by the Rev. Sts. *c.* 90, § 79.

No other evidence was offered of any demand upon the mortgagor, or upon Eaton, before the commencement of this action.

It was admitted that Benjamin P. Rice and Charles Belcher had taken the benefit of the insolvent laws of this Common‑wealth; that the first publication, on the petition of Rice, was made on the 25th of February 1846, and on that of Bel‑cher, on the 5th of August 1846; and that Rice had received a discharge under said laws, but that Belcher had not.

The defendant called said Benjamin P. Rice as a witness; and he testified that a partnership in the baking business was formed between him and said Belcher in December 1844, which was dissolved on the 31st of October 1845; that when said mortgage was made, he was the individual owner of the articles mortgaged by him to the plaintiff; that said articles

were put into the partnership by him, and were used and treated as partnership property.; that when the partnership was dissolved, said articles were not left with him to pay the partnership debts, but that he paid Belcher a certain sum per month for the time they had been together, as if they had not been in partnership; and that Belcher left every thing in his (Rice's) hands, as it was when he (Belcher) came into the partnership; "that Belcher, when he came into the partnership, put into the concern a note which he held against him (Rice) by purchasing half the property and giving his (Belcher's) note to him (Rice) for the balance of the half over and above the amount of his (Rice's) own note, given up; and that when they dissolved, he (Rice) gave up to Belcher the note he had given for the balance öf the half of the property." Said Rice also testified that the debts of the part-nership had not all been paid; that he agreed with Belcher to pay all the debts of the partnership, " but that nothing was said of the property being left to pay the debts with; that they settled, and that he (Rice) was to have all, as if Belcher had not come into the partnership; and that Belcher gave him no bill of sale of the property, but left it just as it was when he came in."

The defendant then offered in evidence a writing, dated December 21st 1845, purporting to be a conveyance, by said Rice to said Belcher, (including the articles mortgaged to the plaintiff,) of the partnership property, in trust for payment of the debts of the partnership. But the judge ruled that it was incompetent, unless known and permitted by the mortgagee, (the plaintiff,) except for the purpose of impeaching the validity of the original mortgage; and the writing was not read to the jury.

The defendant contended that, upon the foregoing evidence, trover could not be maintained. But, it having been admitted that, upon the demand on the officer by the plaintiff, no payment had been made towards said mortgage debt, the judge overruled the objection. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*B. F. Thomas*, for the defendant.   Trover will not lie in this case.   There was no demand on the mortgagor, by the plaintiff, for payment, until after the attachment; so that there was no breach of the condition of the mortgage, and the plaintiff, when this action was brought, had no right to immediate possession of the mortgaged articles.   *Gordon v. Harper*, 7 T. R. 9.   *Wheeler v. Train*, 3 Pick. 255.   *Fairbank v. Phelps*, 22 Pick. 535.   A demand on the mortgagor, by the plaintiff, was necessary, in order to give the plaintiff a right of possession; for the mortgage provided that the mortgagor might retain possession till condition broken.   This provision in the mortgage was nugatory, unless the plaintiff thereby stipulated, in legal effect, to make a demand, in order to constitute a breach of the condition.   *Forbes v. Parker*, 16 Pick. 462.   *Bradley v. Copley*, 1 Man. Grang. & Scott, 685.   Rev. Sts. *c.* 107, § 9.

The writing which was rejected should have been admitted in evidence to contradict the testimony of Rice, although he was called as a witness by the defendant.   Though the defendant could not impeach his own witness, yet he might prove facts contrary to his testimony.   *Rex v. Oldroyd*, Russ. & Ry. 88.   1 Greenl. on Ev. §§ 442, 443.

The articles mortgaged became partnership property, and could not be taken from the creditors of the firm, in consequence of the recording of the mortgage after the articles became the property of the firm.

*Hartshorn*, for the plaintiff.   This action well lies, as the plaintiff had the right of possession.   There was a breach of the condition of the mortgage, inasmuch as the note was payable on demand; and no demand was necessary in order to maintain an action on the note.   The mortgagor had no right to keep possession for any specified time.   In *Fairbank v. Phelps*, cited for the defendant, there was no demand, either on the debtor or the attaching officer.   There was an end of the contract of bailment, in the present case, by the conveyance of the property to Belcher; so that the plaintiff might sue immediately.   *Ayer v. Bartlett*, 9 Pick. 156.   *Daniels v. Pond*, 21 Pick. 371

The demand made on the officer, before action brought, and the omission to pay, constituted a breach of the condition of the mortgage. A creditor, who attaches mortgaged goods, puts himself in the mortgagor's place, and, by refusing payment on demand, becomes liable. The Rev. Sts. c. 90, §§ 78, 79, give the plaintiff the right to maintain this action, under the circumstances of the case. By § 79, if payment is not made to the mortgagee, within twenty four hours after demand, "the property shall be restored to him." The plaintiff, therefore, when he commenced this action, had the right to immediate possession.

The writing, which was refused to be received in evidence, was immaterial, being made after the perfecting of the plaintiff's title, by recording the mortgage. It was also inadmissible, because it tended to impeach the defendant's own witness. If Rice had not been a witness, the writing would not have been admissible, as it was a mere declaration, not under oath. The testimony which a party may introduce, to contradict his own witness, must be competent testimony. Showing that a witness has given a different account of the same matter is impeaching him. 1 Greenl. on Ev. § 462.

WILDE, J. The general question in this case is, whether, upon the facts reported, the action of trover can be maintained. It is contended for the defendant, that if any action could be maintained, it should be an action upon the case. But we are of opinion that trover is the proper action. By the mortgage deed from Rice, the owner of the goods which were sold by the defendant, the plaintiff acquired the legal title thereto; and although Rice afterwards formed a partnership with Belcher, and the same goods were put into the copartnership by him, and were used and treated as partnership property, yet this did not divest the plaintiff's right of property. Nor did the conveyance of the goods to Belcher, in trust for the payment of the partnership debts, convey the legal title. Before that conveyance, the plaintiff's mortgage had been recorded; and this conveyance was rightly rejected.

The remaining objection is, that the plaintiff had not the

possession, nor the right of possession, of the goods mortgaged; the mortgage having been given to secure a note payable on demand, and it being agreed that the mortgagor should have possession until condition broken ; so that until the demand of payment of the mortgage debt of the mortgagor, the mortgagee would not have the right of possession. We are, however, of opinion that no demand on the mortgagor was necessary. By the Rev. Sts. c. 90, § 78, the officer was authorized to attach and take possession of the property mortgaged, and thereby to terminate the possession of the mortgagor. The demand of payment of the mortgage debt was then rightly made on the attaching officer, and he was thereupon bound, by the express words of the statute, (§ 79,) to pay the same within twenty four hours, or to restore the property to the mortgagee. It is admitted that, before the commencement of this action, the officer sold the property without paying the mortgage debt. This was a conversion of the property, of which the plaintiff certainly had the right of possession. In this respect, the cases cited by the defendant's counsel are not applicable. In the case of *Forbes* v. *Parker*, 16 Pick. 462, it was held that an action on the case would lie by a mortgagee against an officer who attached and sold the mortgaged property as the property of the mortgagor, without payment of the mortgage debt. But in that case, the court considered that the swine mortgaged had been let by the mortgagee to the mortgagor, for the term of six months, for the purpose of fattening and preparing them for market, and that the six months had not expired at the time of the sale ; and that the plaintiff had only a reversionary interest in the property. The mortgage debt also was not payable until the expiration of the six months. Whether by the revised statutes the action of trover in such a case could be maintained or not, we are well satisfied that it is the proper form of action in the present case. In the case of *Forbes* v. *Parker*, there was no demand on the officer, nor did he proceed under *St.* 1829, c. 124. Nor did that statute contain the provision contained in the Rev. Sts. c. 90, §§ 78, 79, that the

18 *

mortgage debt should be paid within twenty four hours after demand, or the property be restored to the mortgagee. By that provision, the plaintiff was unquestionably entitled to *the possession of the property attached.* He had the legal title, and the sale by the officer was a conversion, which, it is admitted, was made before the commencement of this action.

*Exceptions overruled*